UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>        Plaintiff,                              )<br>                                                              )<br>        v.                                          )        Cause No. 2:21-CR-66-PPS-APR<br>                                                              )<br>JAHMAL SANDERS,                        )<br>                                                              )<br>        Defendant.                           ) | |

## OPINION AND ORDER

Defendant, Jahmal Sanders, has filed a Motion to Dismiss requesting to dismiss from the indictment the allegation that he's an armed career criminal. [DE 42]. Mr. Sanders candidly admits there is binding precedent from the Seventh Circuit which forecloses his argument and that he is simply preserving the argument should the law change. [*Id.* at 1]. I will therefore deny Sanders' Motion to Dismiss.

## Background

During the execution of a residential search warrant in February 2020, Hammond police officers discovered a Smith & Wesson revolver which is alleged to belong to Mr. Sanders. [DE 1 at 3]. During an interview in February 2020, Mr. Sanders was read his Miranda rights and admitted that the Smith & Wesson revolver in question was his and that he knew that as a convicted felon he was not allowed to own or possess a firearm. [*Id.*] The Superseding Indictment alleges that Mr. Sanders was a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1) and that Mr. Sanders

knowingly possessed a stolen firearm in violation of 18 U.S.C. §922(j). [DE 15]. The Superseding Indictment also invokes the Armed Career Criminal Act and alleges that Sanders was previously convicted of the following three violent felonies: (1) a robbery in Lake County, IN committed on or about August 20, 2013, (2) a robbery in Lake County, IN committed on or about August 3, 2013, and (3) a burglary in Lake County, IN committed on or about March 21, 2016. *See* 18 U.S.C. §924(e); [DE 15 at 3].

On November 27, 2024, Mr. Sanders filed the instant motion requesting a dismissal of the allegation that he violated 18 U.S.C. §924(e). [DE 42]. As noted above, Sanders acknowledges that there is binding precedent which forecloses a grant of relief but seeks to preserve his arguments for appeal. [*Id.*]

## Discussion

Sanders' Motion to Dismiss states that there are two reasons why the Armed Career Criminal Act is inapplicable to him. [DE 42 at 1]. First, Sanders argues that Indiana burglary is not a predicate offense under §924(e). [*Id.*] And second, Sanders argues that Indiana robbery is not a predicate offense under §924(e). [*Id.*] As recognized by Sanders, both arguments are precluded by well-established Seventh Circuit precedent. As such, my discussion of these issues will be brief.

The ACCA imposes a mandatory minimum sentence of fifteen years for recidivists who are convicted of possession of a firearm under 18 U.S.C. §922(g) and have three prior state or federal convictions for a violent felony or serious drug offense. 18 U.S.C. §924(e)(1). The ACCA defines a "violent felony" as:

2

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

18 U.S.C. §924(e)(2)(B).

As Sanders points out, the last part of subsection (ii), also known as the residual clause, which defines a violent felony as a felony which "involves conduct that presents a serious potential risk of physical injury to another" has been declared unconstitutionally vague by the Supreme Court while leaving the rest of the act intact. [DE 42 at 3]; *See Johnson v. United States*, 576 U.S. 591 (2015). As the Court noted, "[w]e hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process…[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 576 U.S. at 606. The elimination of the residual clause did not remove subsection (i) the "elements clause" or the rest of subsection (ii) the "enumerated offense clause" and a crime may still be deemed a violent felony under these parts of the act.

In the motion presently before me, Sanders argues that Indiana burglary is not a predicate offense under the ACCA but acknowledges that there is Seventh Circuit precedent to the contrary. In *United States v. Perry*, 862 F.3d 620 (7th Cir. 2017) the

3

Seventh Circuit held that Indiana burglary is a predicate offense under the ACCA. In *Perry* the court recognized that "burglary" in § 924(e)(2)(B)(ii) does not encompass all burglaries, but only "generic" burglary, which the Supreme Court has defined as 'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" *Perry*, 862 F.3d at 622 (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). The Seventh Circuit went on to note that the definition of Indiana burglary is "nearly identical to the definition of generic burglary" and for that reason it qualifies as a predicate "burglary" under the ACCA. *Perry*, 862 F.3d at 622. The Seventh Circuit even went so far as to say that to argue otherwise would be "frivolous." *Id.* (citing *United States v. Vogt*, 588 F. App'x 497, 498 (7th Cir. 2015)). *See also*, *United States v. Foster*, 877 F.3d 343, 345 (7th Cir. 2017) (holding that Indiana burglary is a violent felony under the ACCA).

Sanders argues that Indiana burglary is not a predicate offense under the ACCA because it is broader than the generic definition of burglary. [DE 42 at 7-11]. More specifically, Sanders argues that Indiana burglary is categorically broader than generic burglary because generic burglary requires an unlawful entry whereas Indiana burglary applies the "limited authority doctrine" under which an individual who enters a building or structure lawfully or with permission but harbors an unspoken intent to commit a crime has committed a burglary. [DE 42 at 7-8]. Sanders points to *United States v. Glispie*, 978 F.3d 502 (7th Cir. 2020) in which the Seventh Circuit held that Illinois

4

residential burglary does not qualify as generic burglary because it applies the "limited authority doctrine" as support for his position. [DE 42 at 9].

Regardless of whether or not I find Sanders' argument to be persuasive, I do not have the authority to overturn well established Seventh Circuit precedent. Because the Seventh Circuit precedent which is binding on me is clear that Indiana burglary is a predicate offense under the ACCA, I will refrain from an unnecessary analysis of the arguments Sanders has put forth. As Sanders has recognized, it is best for these arguments to be decided on appeal where the Seventh Circuit can decide whether it is proper to revisit its own precedent.

Sanders also argues that Indiana robbery is not a predicate offense under the ACCA while acknowledging that there is Seventh Circuit precedent to the contrary. [DE 42 at 11-14]. Like Indiana burglary, the Seventh Circuit views its conclusion that Indiana robbery qualifies as a predicate offense under the ACCA as unsurprising. *United States v. Duncan*, 833 F.3d 751, 752 (7th Cir. 2016) ("Our conclusion that Indiana robbery is a violent felony might seem about as interesting as a prediction that the sun will rise in the east tomorrow"). In *Duncan*, the Seventh Circuit discussed Indiana robbery and noted that a person can commit robbery in Indiana by taking property from another by putting the person in fear of bodily injury. *Duncan*, 833 F.3d at 752 (citing Ind. Code Ann. § 35-42-5-1). The Seventh Circuit concluded that Indiana robbery qualifies as a predicate offense under the elements clause writing "[a] conviction for such robbery by fear thus has as an element the use, attempted use, or threatened use of

5

physical force against the person of another." *Duncan*, 833 F.3d at 752. (internal quotes omitted). Therefore, a conviction for robbery under the Indiana statute qualifies as a violent felony under the elements clause of the ACCA. *Id.*

Sanders argues that Indiana robbery should no longer be considered a predicate offense under the ACCA in light of the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021). [DE 42 at 11]. In *Borden*, the Supreme Court held that offenses with a mens rea of recklessness do not qualify as violent felonies under ACCA. *Borden*, 593 U.S. at 445. Sanders argues that, after *Borden*, Indiana robbery is a categorical mismatch with the ACCA's elements clause because Indiana robbery can be committed by recklessly placing the victim in fear. [DE 42 at 11].

Certainly, if Seventh Circuit precedent is in clear conflict with the U.S. Supreme Court, I must follow the Supreme Court. *See e.g.*, *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 879 (N.D. Ill. 2014) (explaining that if existing circuit precedent cannot be reconciled with a subsequent ruling from the Supreme Court, then the latter governs as all Article III courts are bound to follow the holdings of our nation's highest court); *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986) (district court properly disregarded circuit precedent in light of an intervening opinion by Supreme Court changing the law). However, I need to be very cautious when reviewing an argument that Seventh Circuit precedent has been supplanted or weakened by a subsequent Supreme Court decision. *See e.g.*, *Hoeffner v. D'Amato*, 605 F. Supp. 3d 467, 481 (E.D.N.Y. 2022) ("a district court must proceed even more cautiously in deciding

6

whether an intervening Supreme Court decision overrules . . . Circuit precedent, out of respect for the overall structure of the federal judiciary").

I do not view the question before me as presenting such a clear conflict between *Duncan*, the Seventh Circuit precedent, and the subsequent Supreme Court opinion in *Borden*. Attempting to piggyback on *Borden*, Sanders states flatly that "Indiana robbery can be committed by recklessly placing the victim in fear." [DE 42 at 11.] For this proposition, Sanders cites to *Cross v. State,* 137 N.E.2d 32 (Ind. 1956). But *Cross* doesn't say anything of the sort. Instead, it stands for the unremarkable proposition that robbery can be committed without actual violence; all that is required is evidence that the defendant place the victim in fear. *Id.* at 34. Recklessness isn't even mentioned in the opinion.  What's more, the Indiana robbery statute specifically limits robbery to those who act "knowingly" or "intentionally." *See* Indiana Code 35-42-5-1. There is not a whiff of an indication that mere recklessness will suffice. In short, it is not at all clear to me that *Borden* has overruled *Duncan*. And if it has, that'll be up to the Seventh Circuit to decide.

## Conclusion

Because binding Seventh Circuit authority mandates it, Sanders' Motion to Dismiss [DE 42] is **DENIED**.

**SO ORDERED**.

ENTERED: January 6, 2025.

/s/ Philip P. Simon

7

                PHILIP P. SIMON, JUDGE
                UNITED STATES DISTRICT COURT